**David D. CAHN, Appellant,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts et al.**

No. 10599.

Court of Civil Appeals of Texas.
Austin.

Oct. 22, 1958.

Rehearing Denied Nov. 12, 1958.

Powell, Rauhut, McGinnis & Reavley, B. D. St. Clair, Austin, for appellant.

Will Wilson, Atty. Gen., Mariette McGregor Payne, Asst. Atty. Gen., for appellees.

ARCHER, Chief Justice.

This suit was instituted by David D. Cahn, appellant, against Robert S. Calvert, Comptroller of Public Accounts, Jesse James, State Treasurer, and Will Wilson, Attorney General, appellees, under the provisions of Article 7057b for the recovery of inheritance taxes paid under protest. From an adverse judgment by the 98th District Court, David D. Cahn appeals.

This appeal is founded on the error of the Court in concluding as a matter of law that appellant is properly classified for inheritance tax purposes under Article 7122, Class E. Vernon's Ann.Civ.St.

Mrs. Jessica S. Pike, on July 3, 1951, executed an instrument conveying her property to her daughter, Phyllis, then the wife of appellant, in trust, with the following directions:

> "*Article II. Income and Principal of the Trust: Termination.* The Trustee shall pay to the Settlor in regular installments, not less frequent than quarterly, the net income of the trust and such part of the principal as the Trustee (or any one of the trustees, if more than one trustee shall be acting at such time) shall deem necessary to provide for the Settlor's comfort or maintenance. This trust shall terminate at the death of the Settlor and the principal and undistributed income hereof shall be distributed to the Settlor's daughter, Phyllis Pike Cahn, if she shall be living at the time of termination of this trust. If Phyllis Pike Cahn shall not be living at the time of termination of this trust, then

the principal and undistributed income thereof shall be distributed to the Settlor's son-in-law, David D. Cahn, if he shall be living at the time of termination of this trust. If neither Phyllis Pike Cahn nor David D. Cahn shall be living at the time of termination of this trust, then the principal and undistributed income of this trust shall be distributed to those persons who are the heirs at law and next of kin of the Settlor according to the statutes of descent and distribution in force in Texas at the time of termination of this trust in the same shares or portions in which said persons would take according to said statutes of descent and distribution."

Mrs. Phyllis Pike Cahn managed the trust until her death on September 2, 1951. Upon her death appellant and a bank became co-trustees and served as such until Mrs. Pike's death March 16, 1956. On November 5, 1954, appellant remarried, which ended in divorce on June 23, 1955.

Appellant asserts that since he was not married on the date of the death of Mrs. Pike, he was the "husband of a daughter" within the meaing of the inheritance tax statute.

Mrs. Pike's will was admitted to probate April 16, 1956, and appellant was appointed independent executor. No property passed by virtue of the will, all of her property having been conveyed by the trust instrument.

An affidavit for inheritance tax appraisement was filed, computing the tax under Article 7118. Subsequently the tax was assessed based upon the rates of Article 7122, Class E.

Appellees take the position that the assessment was properly made and that the controlling fact is that appellant, the former husband of a deceased daughter of the decedent, had remarried prior to the decedent's death, and that appellant is foreclosed from Class A Classification.

The Court in Lewis v. O'Hair, Tex. Civ.App., 130 S.W.2d 379, held that the surviving widow came within the classification provided for a "wife of a son," and made the following statement:

"Appellee, Mrs. Hattie O'Hair, the party asserting the right to be placed in Class A, is the surviving wife (not having remarried) of Will O'Hair, who died in 1919."

In Johnson v. Davis, Tex.Civ.App., 198 S.W.2d 129, 131, error ref., n. r. e., it was held that the term "wife" as used in the phrase "wife of a son" is synonymous with " 'surviving wife' or 'widow,' " and as above noted used the explanatory phrase "not having remarried."

In Calvert v. Fisher, Tex.Civ.App., 259 S.W.2d 944, 946, error ref., this Court held that the sole question presented was: Did the fact that appellee remarried during the life of the testatrix after the death of his wife destroy his status as "the husband of a daughter" of the testatrix, and that absent his remarriage his status would be established, and cites a number of cases some of which are cited by appellant and analyzed.

Since this Court in the above mentioned cases and in the case of Hamilton v. Calvert, Tex.Civ.App., 235 S.W.2d 453, error ref., has fully discussed the law as applied to similar cases as this present case, we do not deem it necessary to restate such holding.

Appellee relates consistent departmental construction that a remarriage destroyed the status of Class A beneficiaries since 1934, and that great weight should be given to departmental construction; that since the Legislature has met many times since, it is presumed to have acquiesced in such construction, and we believe such to be the law unless clearly shown to be wrong.

Isbell v. Gulf Union Oil Co., 147 Tex. 6, 209 S.W.2d 762.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.