DAVID D. CAHN v. ROBERT S. CALVERT, COMPTROLLER OF PUBLIC ACCOUNTS, ET AL.

No. A-7092. Decided March 18, 1959.
(321 S.W. 2d Series 869)

386

Powell, Rauhut, McGinnis & Reavley, Tom Reavley and B. D. St. Clair, all of Austin, for petitioner.

The Court of Civil Appeals erred in affirming the judgment of the trial court, because petitioner is properly classified for inheritance tax purposes as the "husband of a daughter" under Article 7118. State v. Hogg, 123 Texas 568, 72 S.W. 2d 593; Lewis v. O'Hair, 130 S.W. 2d 379; Leffman's Estate, 312 Pa. 236, 167 Atl. 343.

Will Wilson, Attorney General, Marrietta McGregor Payne, assistant Attorney General, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This suit was instituted by David D. Cahn, petitioner, against Robert S. Calvert, Comptroller of Public Accounts, Jesse James, State Treasurer, and Will Wilson, Attorney General, respondents, to recover inheritance taxes paid under protest. The trial court's judgment denied the relief sought. The Court of Civil Appeals affirmed. 317 S.W. 2d 257.

Petitioner is a beneficiary of the largess of Mrs. Jessica S. Pike. On July 3, 1951 Mrs. Pike executed an instrument conveying all of her property to her daughter, Phillis Pike Cahn, in trust. The section of the instrument governing disposition of the income and principal of the trust is set out in full in the opinion of the Court of Civil Appeals and need not be repeated here. It is sufficient for our purposes to say that the instrument provided that the income and as much of the principal of the trust as was deemed necessary was to be used for the comfort and maintenance of the settlor during her lifetime; that the trust was to terminate at the settlor's death; that upon termination the principal and undistributed income was to be distributed to Mrs. Cahn, if she was then living; that if Mrs. Cahn was not living, the principal and income was to be distributed to David D. Cahn, petitioner herein, if he was living, and if he was not living it was to be distributed to the settlor's heirs at law according to the statutes of descent and distribution. The trust was made irrevocable.

At the time of the execution of the trust instrument, petitioner and Phillis Pike Cahn were husband and wife. Phillis Pike

Cahn died on September 2, 1951. Petitioner remarried on November 5, 1954 and was divorced on June 23, 1955. Mrs. Jessica S. Pike, the settlor, died on March 16, 1956.

Petitioner's right of recovery turns on his proper statutory classification for inheritance tax purposes. He was classified under Article 7122, Vernon's Annotated Texas Statutes, which designates those persons falling within a class known as Class E. He contends that he is entitled to the benefits of the higher exemption and lower tax rates accorded those persons coming within the provisions of Article 7118, V.A.T.S., which designate the persons falling within a class known as Class A. His particular contention is that he is properly classifiable in Class A because he is "the husband of a daughter" of the settlor of the trust.

■ We hold that petitioner was not the husband of a daughter of Mrs. Pike at the time of Mrs. Pike's death. The daughter had preceded Mrs. Pike in death. Had petitioner not remarried after Phillis Cahn's death, he would have remained "the husband of a daughter" for inheritance tax purposes under the liberal interpretation given by our courts to the statute, despite the fact that literally he would no longer have been anyone's husband. This, on the theory that the Legislature intended the words to include the *surviving* husband or the *widower* of a daughter. Lewis v. O'Hair, Texas Civ. App., 130 S.W. 2d 379, no writ history. When he remarried he became the husband of the daughter of others than the settlor. If the settlor had died during the continuance of that marriage, petitioner would not have been, in fact, the husband of the daughter of the settlor. Neither would he have been classifiable for inheritance tax purposes as such. Calvert v. Fischer, Texas Civ. App., 259 S.W. 2d 944, writ refused. His status as the husband of a daughter having been lost through remarriage, it could not be restored, even for inheritance tax purposes, by a dissolution of the subsequent marriage. A contrary holding would not simply involve giving the statute a *liberal* construction; it would involve a taking of liberties with the statute which its words all but prohibit.

Petitioner insists that his classification should be determined as of the time the trust instrument was executed and not as of the date of the settlor's death. If petitioner's contention is sound he is entitled to classification in Class A and to the re-

covery he seeks, for he was the husband of the daughter of the settlor when the trust deed was executed. But is his contention sound? To answer that question we must first determine the nature of the interest which the trust deed gave him.

■ Under the provisions of the instrument the trustee was directed to pay to the settlor, not less frequently than quarterly, the net income of the trust "and as much of the principal as the Trustee * * * shall deem necessary to provide for the settlor's comfort or maintenance." The trust was to terminate upon the settlor's death. The principal and undistributed income then remaining was to pass and be distributed to Mrs. Cahn *if she was then living*. The interest thus granted to Mrs. Cahn was a contingent and not a vested remainder. Guilliams v. Koonsman, 154 Texas 401, 279 S.W. 2d 579, 582. If Mrs. Cahn was not living at the settlor's death, the principal and undistributed income was to pass and be distributed to petitioner *if he was then living*. The interest granted to the petitioner was an alternative contingent remainder. Guilliams v. Koonsman, 154 Texas 401, 279 S.W. 2d 579, 583. Petitioner could take no interest in the trust property except upon the happening of two contingent events — the death of Mrs. Cahn before the death of Mrs. Pike and the death of Mrs. Pike before the death of petitioner. So that, while petitioner was in fact the husband of a daughter when the trust deed was executed, his interest in the trust property was purely contingent; and while, in law, he was still the husband of a daughter at and immediately following his wife's death, his interest in the property did not then vest but remained contingent on his survival of the settlor. No interest in the property vested in him until the settlor's death.

Efforts of the several states to impose and collect inheritance or succession taxes on transfers of property intended to take effect in possession or enjoyment after the transferor's death have led to a wide variety of legal problems, many of which are discussed and analyzed in an article by Professor Henry Rottschaefer in 14 Minnesota Law Review 453, 613. There is no need here to deal with any of the problems except the one posed by the trust deed before us.

Inheritance taxes are imposed in this state by Article 7117, Vernon's Annotated Texas Statutes. The pertinent part of the article reads as follows:

"All property * * * and any interest therein * * * which shall pass absolutely or in trust by will or by the laws of descent

or distribution of this or any other State, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, * * *."

■ A reading of that portion of the statute above quoted would seem to indicate that the tax is imposed on the property which passes, but it is settled that the tax is imposed instead on the privilege of succession. State v. Jones, Texas Civ. App., 290 S.W. 244, 248, affirmed, [Texas Com. App.], 5 S.W. 2d 973; State v. Hogg, 123 Texas 568, 72 S.W. 2d 593, 594; Norton v. Jones, Texas Civ. App., 210 S.W. 2d 820, 821, writ refused. It is also settled that the statute imposes the tax if the transfer is intended to take effect in possession or enjoyment after the death of the transferor even though the title or interest of the donee or beneficiary vests during the transferor's lifetime and the transfer is not made in contemplation of death. The statute so provides and it has been so held. Bethea v. Sheppard, Texas Civ. App., 143 S.W. 2d 997, writ refused.

When property is conveyed or transferred to a trustee to be held and used for the benefit of the trustor during his lifetime with remainder to another, and the trust is made irrevocable, there is authority for the view that the incidence of the tax is at the time the trust is made irrevocable rather than when the remainderman comes into possession and enjoyment of the property at the death of the trustor. In re Webber, 151 App. Div. N.Y. 539, 136 N.Y.S. 83; In re Meehan, 166 N.Y.S. 623; In re Harris' Estate, 240 N.Y.S. 706; In re Houston's Estate, 276 Pa. 330, 120 Atl. 267; In re Leffmann's Estate, 312 Pa. 236, 167 Atl. 343. It is on these cases that petitioner relies in asserting that his classification should be determined as of the date of the execution by Mrs. Pike of the trust deed. There is at least one jurisdiction in which a contrary view has been adopted. Re Estate of Augusta Kohrs, 122 Mont. 145, 199 Pac. 2d 856, 5 A.L.R. 2d 1046. In some of the New York and Pennsylvania cases it is said that the tax rate to be applied and the valuation to be used in arriving at the amount of taxes to be paid is the tax rate in force and the value of the property *when the right of succession became fixed.* Analysis discloses that in each there was a present vesting of an absolute remainder or of a remainder defeasible upon the prior death of the remainderman. Whether New York and Pennsylvania courts would hold that for tax purposes a right of succession becomes fixed at the

time of the creation of an irrevocable trust giving an ultimate beneficiary no more than a purely contingent interest in the trust property is not disclosed in the opinions in the cited cases. In any event the cited cases are inapposite, and we need not, and do not, decide at this time whether we would follow the New York and Pennsylvania decisions or the Montana decision in a case in which the ultimate beneficiary took a vested remainder or a remainder with a condition of defeasance under an irrevocable trust instrument.

■ Article 7117 provides that property and any interest therein "shall, *upon passing* to or for the use of any person" be subject to a tax. Were we to follow the New York and Pennsylvania rule rather than the Montana rule, we would nevertheless hold that the *passing* spoken of in the statute is not the mere passing of a naked legal title from a settlor to a trustee, nor the passing of a purely contingent interest to a beneficiary of a trust, but is the present *vesting* of a title or interest in the ultimate beneficiary. When, therefore, the title or interest of the successor cannot vest before the death of the settlor, the incidence of the tax cannot be at a prior time.

■ While the trust deed executed by Mrs. Pike was irrevocable and placed the legal title and control of the trust property in a trustee, it yet contemplated the use of the whole of the property, income and principal, for her own comfort and maintenance if necessary. The remainder, if any, was not to pass to and vest in any successor in interest until her death. Whether the incidence of the tax be at the time of the passing and vesting of petitioner's title to or interest in the property or at the time petitioner came into possession and enjoyment of the remainder interest, the result is the same. Both events occurred on the date of Mrs. Pike's death. It is as of that date that petitioner's classification is to be determined. On that date he was not the husband of a daughter and is properly classifiable in Class E.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice Smith dissenting.

Opinion delivered March 18, 1959.