

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 25, 1964

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. (C-353)

Re: Allowance of deduction
at wife's death of value
of life estate received
at husband's prior death
as a result of wife's
election to take under
husband's will disposing
of entire community

Dear Mr. Calvert:                                estate.

We quote the following excerpt from your letter requesting
the opinion of this office on the above captioned matter:

"We desire the opinion of your office as to
whether any consideration was received by a wife
when she transferred her community half interest
to a trust in exchange for a life estate in her
husband's half of the community upon the husband's
prior death and, if so, is her estate now entitled
to a deduction for said consideration for inheri-
tance tax purposes.

"William Arthur Crumley died a resident of
Ellis County on January 9, 1956, testate, survived
by his wife, Ida C. Crumley, who is now deceased,
having died a resident of Dallas County on March
15, 1963.

"1. All property of Mr. and Mrs. Crumley was
community property and his Will set up a trust in
favor of his wife on $165,386.03 of stocks (husband's
community one-half $82,698.02) limited to a fifteen
year term with the whole to pass to her in fee if she
lived fifteen years but to pass to his daughter,
Frances, if she died prior to the end of the fifteen
year period. Mrs. Crumley was 76 years old on January
9, 1956, and had only a life expectancy of 8 years,
so it was agreed at that time that Mrs. Crumley should
be construed as having taken only a life estate.

-1671-

"2.  The First National Bank in Dallas was appointed and qualified as Independent Executor of the estate and Trustee of the trust.

"3.  Mr. Crumley left his community one-half of the real estate in the amount of $5,950.00 and his community one-half of the chattels in the sum of $1,625.00 to his wife, for life.

"4.  Mrs. Crumley was put to an election and elected to take under the Will and received the dividends on the trust stocks until her death.

"5.  The tax liability was calculated on only the one-half community interest of Mr. Crumley.

"6.  Mrs. Crumley is now dead and her community one-half interest is now passing in possession and enjoyment to the daughter and. . ./the7 attorney for her estate, has made an inheritance tax report to this office, and under Schedule D, Deductions, has claimed $14,425.60 as a deduction for consideration received by wife upon transfer of her community half interest to trust for a life estate only in husband's community half."

The federal cases do allow a deduction in computing the federal estate tax on the theory that the wife has received consideration for her transfer of her one-half of the community estate.  The cases reason that a denial of a deduction would result in double taxation. Vardell's Estate v. C.I.R., 307 F.2d 688 (5th Cir. 1962); Whiteley v. United States, 214 F.Supp. 489 ( U.S. Dist.Ct., W.D. Wash., N.D., 1963).  The federal estate tax is a tax upon the privilege of transmission of property at death and is imposed upon the net value of the estate of the decedent.  28 Am. Jur. 19, Inheritance, Estate and Gift Taxes, Sec. 5.  Moreover, the provisions of the 1954 Revenue Code specifically provide for such credit or deduction.  26 U.S.C.A. §§ 2036, 2043(a).

It is settled that the Texas Inheritance Tax levied under the provision of Article 14.01, Taxation-General, Vernon's Civil Statutes, is levied upon the privilege of succession. Cahn v. Calvert, 159 Tex. 385, 321 S.W.2d 869 (1959); Jones v. State, 5 S.W.2d 973 (Comm.App. 1928); State v. Hogg, 123 Tex. 568,

70 S.W.2d 699, 72 S.W.2d 593, 594 (1934); Norton v. Jones, 210 S.W.2d 820, 821 (Tex.Civ.App. 1948, error ref.)  As stated by the court in Bethea v. Sheppard, 143 S.W.2d 997, (Tex.Civ.App. 1940, error ref.) at page 1001:

> ". . .the thing burdened with the tax is the
> right to receive as distinguished from the right
> of transfer. . ."

There is no problem of double taxation under the Texas Inheritance Tax statutes since no inheritance tax was levied on the wife's community one-half at the husband's death. Calvert v. Fort Worth National Bank, 163 Tex. 405, 356 S.W.2d 918 (1962).   Furthermore, Article 14.10, Tax. Gen., Vernon's Civil Statutes, sets out the only deductions which are permissible in ascertaining the amount of inheritance taxes due the State.   Article 14.10 reads, in part, as follows:

> "The only deduction permissible under this
> law are the debts due by the estate, funeral expenses,
> expenses incident to the last illness of the deceased,
> which shall be due and unpaid at the time of death,
> all Federal, State, County and Municipal taxes due
> at the time of the death of the decedent, attorney's
> fees and Court costs accruing in connection with the
> assessing and collecting of the taxes provided for
> under this Chapter, and an amount equal to the value
> of any property forming a part of the gross estate
> situated in the United States received from any
> person who dies within five (5) years prior to the
> death of the decedent, this deduction, however,
> to be only in the amount of the value of the
> property upon which an inheritance tax was
> actually paid and shall not include any legal  ex-
> emptions claimed by and allowed the heirs or legatees
> of the estate of the prior decedent. . ."

None of the provisions of this Article cover the deduction here claimed.  It has been held that the federal estate tax may not be deducted from the net value of the estate upon which a state inheritance tax

is levied and further that Article 14.10 (formerly Article 7125) listing the permissible deductions in determining the amount due the State as inheritance taxes is one of limitation. <u>Walker v. Mann</u>, 143 S.W.2d 152 (Tex.Civ.App. 1940, error ref.)

## S U M M A R Y

In computing inheritance taxes no deduction may be allowed for the value of the life estate of the decedent received at her husband's prior death as a result of her election to take under the husband's will disposing of the entire community estate.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant Attorney General

MMcGP:sjl

APPROVED BY OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
George Black
Malcolm Quick
Cecil C. Rotsch

APPROVED FOR THE ATTORNEY GENERAL
BY:  Roger Tyler