**Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas et al., Appellants,**

**v.**

**F. W. BEAZLEY, Independent Executor of the Will of Fred W. Beazley, Jr., Deceased et al., Appellees.**

**No. 11394.**

Court of Civil Appeals of Texas.

Austin.

May 18, 1966.

Rehearing Denied June 8, 1966.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, 1st Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., H. Grady Chandler, Marietta McGregor Payne, Asst. Attys. Gen., Austin, for appellant.

Coke & Coke, James K. Rushing, Henry C. Coke, Jr., Dallas, for appellee.

HUGHES, Justice.

This suit was brought by F. W. Beazley, Independent Executor of the will of Fred W. Beazley, Jr., deceased and the Beazley Foundation, Inc. against Robert W. Calvert, Jesse James and Waggoner Carr, Comptroller of Public Accounts, Treasurer and Attorney General, respectively, of the State

of Texas to recover $286,416.49 paid by the Executor to the Comptroller for inheritance taxes demanded by the State as owing by the Beazley Foundation. This payment was made under written protest of the Executor. This protest was sustained by the court below and judgment rendered accordingly.

The basis of appellees' protest is that the Foundation was exempt from the imposition of inheritance taxes under the provisions of Art. 14.06, Taxation General, Vol. 20A, V.A.T.C.S. as amended in 1963,[1] which reads, in part:

"Provided, further, that this Article shall not apply to property passing to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, if (either at the time the property passes or at any time prior to the payment of the tax) the laws of the jurisdiction under which such organization is organized or is operating provide an exemption from death tax of any character with respect to property passing (1) to or for the use of such an organization, or (2) to or for the use of such an organization organized or operating within the State of Texas, or (3) to or for the use of such an organization organized or operating within any other jurisdiction which grants a reciprocal exemption. For the purposes of this paragraph, jurisdiction means any state or territory of the United States or the District of Columbia."

The undisputed facts show:

Fred W. Beazley, Jr. died December 28, 1962. By his probated will his residuary estate was devised and bequeathed to the Beazley Foundation, Inc., a Virginia Corporation, organized and operated exclusively for charitable, religious or educational purposes, "to be used by it exclusively for its proper charitable, religious and educa-

tional purposes." The value of this residuary estate was $1,755,204.41.

At the date of decedent's death the laws of Virginia exempted from death taxes of any character all property passing to the Beazley Foundation.

It will be observed that decedent died before the effective date of the 1963 amendment to Art. 14.06, supra.

The laws in effect when decedent died and pertinent here are the following:

"Art. 14.06 Class E—Foreign Bequest

If passing to or for the use of the United States, to or for the use of any other person or religious, educational or charitable organization or institution, or to any other person, corporation or association not included in any of the classes mentioned in the preceding portions of the original Act known as Chapter 29 of the General Laws of the Second Called Session of the 38th Legislature, the tax shall be:

(Rates omitted)

Provided, however, that this Article shall not apply on property passing to or for the use of the United States, or to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, when such bequest, devise or gift is to be used within this state. The exemption from tax under the preceding provisions of this Article shall, without limiting its application under other appropriate circumstances, apply to all or so much of any bequest, devise or gift to or for the use of the United States, or a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this state.

1. Acts 1963, 58th Leg., Reg.Sess., p. 130, ch. 77, Section I, effective April 29, 1963.

Provided, further, that if the property so passing is to or for the use of a religious, educational, or charitable organization which conducts its operations on a regional basis, one (1) such region of which includes the State of Texas, or any part thereof, then a bequest, devise or gift to be used within such region shall be deemed to be used within this state.

For purposes of this paragraph a region shall comprise not more than five (5) contiguous states, either in whole or in part, one (1) of which is the State of Texas.

For purposes of this paragraph, a religious, educational, or charitable organization shall include, but not be limited to, a youth program of physical fitness, character development, and citizenship training or like program.

Art. 14.07 Applicability of Art. 14.06

The provisions of Article 14.06 shall apply in respect to a decedent dying before the effective date of this Act if the tax imposed by Article 14.06, as heretofore amended, has not been paid prior to the effective date of this Act, and shall also apply to a decedent dying after the effective date of this Act."

Acts 1959, 56th Leg., 3rd C.S., Ch. I, p. 187, sec. 326.

It is the contention of appellants that only the laws in effect when decedent died control the imposition of inheritance taxes, and that such tax liability does or does not accrue as of such date, according to the law then extant.

It is the contention of appellees that both under the law as it stood when decedent died and under the 1963 amendment the obligation to pay the inheritance taxes did not accrue at death and might never accrue.

 It is our opinion that the laws in effect when decedent died must control. The following authorities so hold. Morris v.

Calvert, 329 S.W.2d 117, Austin, writ ref., n. r. e., 85 C.J.S. Taxation § 1133, a and e.

The following cases hold that it is the relationship of the parties or their status as of the time of a decedent's death which controls their classification for inheritance tax purposes under the laws of this State. Lewis v. O'Hair, 130 S.W.2d 379, Austin, n. w. h., Johnson v. Davis, 198 S.W.2d 129, Austin, writ ref., n. r. e., Hamilton v. Calvert, 235 S.W.2d 453, Austin, writ ref., Cahn v. Calvert, 159 Tex. 385, 321 S.W.2d 869.

These cases illustrate the principle that in the assessment of death taxes death of decedent is the critical event.

The scheme of our inheritance tax laws is stated in Calvert v. Fort Worth National Bank, 163 Tex. 405, 356 S.W.2d 918, as follows:

"Historically, death duties 'in all countries rest in the essence upon the principle that death is the generating source from which the particular taxing power takes its being, and * * * it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested.' See Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969. From a reading of our inheritance tax statutes, we think the basic plan and purpose of the Legislature was to levy the tax upon the privilege of succeeding to property belonging to a decedent at the time of his death. Article 14.01 speaks of property passing by will or by the laws of descent or distribution, whether belonging to inhabitants of this State or to persons who are not inhabitants. The only property that is ordinarily regarded as passing by either will or descent is that which was owned by the testator or intestate at the time of his death."

Art. 14.16, Vol. 20A, Taxation-General, V.A.T.S., provides, in part that inheritance taxes "shall be a lien upon such property,

(see Art. 14.01, id.) from the death of the decedent until paid."

This Article is consistent with the stated plan of these tax laws in Fort Worth National Bank, supra, and demonstrates that the date of decedent's death is the date from which the rights of the parties emanate and generate.

Appellees rely upon Art. 14.07, supra, as making "it clear that an obligation to pay the tax did not accrue at death." We do not agree with this conclusion insofar as it is applicable to present Art. 14.06 under which appellees claim exemption.

Article 14.07 was enacted as Section 2 of S.B. No. 344, ch. 186, Acts 1959, 56th Leg., R.S., p. 405. Section 1 of S.B. No. 344 amended what was then Article 7122 of the Revised Civil Statutes of Texas of 1925, as last amended, by providing an exemption for property passing "to or for the use of a religious, educational, or charitable organization which conducts its operations on a regional basis, one such region of which includes the State of Texas, or any part thereof."

Section 2 of S.B. No. 344 reads as follows:

"The provisions of this Act shall apply in respect to a decedent dying before the effective date of this Act if the tax imposed by Article 7122, as heretofore amended, has not been paid prior to the effective date *of this Act,* and shall also apply to a decedent dying after the effective date of *this Act.*" (Italics ours.)

The plain language of Section 2 limited its application to the new exemption therein provided—an exemption not applicable to or claimed by appellees.

The introductory paragraph of Acts 1959, 56th Leg., Third Called Session, Chapter 1, Section 1, recites "That the following Chapters and Articles are adopted and shall constitute a new Title of the Revised Civil Statutes of Texas to be known as 'Title 122A, Taxation-General.'" Article 7122 was carried forward into the new Title 122A as Article 14.06. The identical regional exemption provision of Article 7122 (S.B. 344, supra) was retained, and Section 2 of S.B. No. 344 (supra) was carried forward substantially as Article 14.07 which reads as follows:

"The provisions of Article 14.06 shall apply in respect to a decedent dying before the effective date of this Act if the tax imposed by Article 14.06, as heretofore amended, has not been paid prior to the effective date of *this Act,* and shall also apply to a decedent dying after the effective date of *this Act.*" (Italics ours.)

█ It is our opinion that the Legislative history of Article 14.07 limits its application to the provisions of S.B. 344, supra, under which appellees do not claim an exemption, and that Art. 14.07 is not applicable to present Art. 14.06.

Our holdings in the respects indicated above remove the necessity for a decision as to the constitutionality of Art. 14.07 if its effect is to release a liability for inheritance taxes under a law in effect when decedent died.

It is our opinion that the judgment of the trial court should be reversed and that appellees should take nothing by their suit. It is so ordered.

Reversed and rendered.