ROBERT S. CALVERT, COMPTROLLER, ET AL, Petitioners
V.
FORT WORTH NATIONAL BANK, INDEPENDENT EXECUTOR, Respondent

No. A-8572. Decided May 9, 1962
356 S.W. 2d 918

406

*Will Wilson,* Atty. Gen., Austin, *W. V. Geppert* and *W. E. Allen,* Asst. Attys. Gen., for petitioners.

*Stone, Parker, Snakard, Friedman & Brown, James A. Mc-Mullen, III,* Fort Worth, with above firm, for respondent.

ASSOCIATE JUSTICE WALKER delivered the opinion of the Court.

The question presented by this appeal is whether property received by the beneficiary of a will as a result of the election of the owner of such property to accept under the will is to be regarded as having passed by the will for the purpose of computing the inheritance tax imposed by Article 7117, Texas Rev. Civ. Stat. 1925, as amended. Acts 1945, 49th Leg., p. 148, ch. 98. This statute was repealed in 1959, but its provisions in substantially the same language were reenacted as Article 14.01, V.A.T.S. Tax.-Gen., the relevant portions of which are quoted in the margin.[1] For convenience the several inheritance tax statutes will be referred to by the article number under which they now appear in V.A.T.S. Taxation-General.

The present case was tried before the court on an agreed statement of facts. Frank Taylor, a resident of Fort Worth, died on April 19, 1957, leaving a written will which was admitted

---

1. "All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand ($40,000) Dollars of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification; * * *. Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration."

to probate by the County Court of Tarrant County on May 27, 1957. He was survived by his widow, Mrs. Pearl S. Taylor. At the time of his death, the testator owned separate property appraised for inheritance tax purposes at $1,750.23. He and Mrs. Taylor also owned community property of the aggregate net value of $185,190.64.

The will by its terms undertakes to dispose of the testator's separate property and the entire community estate. After giving the home, household and kitchen furniture, and personal effects to Mrs. Taylor, all of the remainder of the separate and community property was devised and bequeathed to The Fort Worth National Bank as trustee. The trustee is directed to pay the net revenue of the trust estate or $500.00 per month, whichever is greater, to Mrs. Taylor during the remainder of her life. Upon her death the trust will terminate and all of the trust property then remaining on hand will vest one-half in the heirs of the testator and one-half in certain named relatives of Mrs. Taylor. The will also provides for the disposition of the testator's separate property and community interest in the event Mrs. Taylor should elect not to accept under the will. The Fort Worth National Bank is named in the will and has been duly appointed and qualified as independent executor without bond.

Subsequent to the probate of the will, Mrs. Taylor elected to and did accept thereunder by written instrument filed in the probate proceedings. The inheritance tax report filed with the Comptroller of Public Accounts lists the separate property of the testator and his one-half interest in the community estate. After Mrs. Taylor made her election, the Comptroller took the position that the entire community estate as well as the separate property had passed by the will. The inheritance tax was computed on this basis, and a total tax of $5,137.82 was assessed against the beneficiaries of the will other than Mrs. Taylor. No tax was assessed against Mrs. Taylor for the reason, as stated in the order, that she did not receive more than her community interest plus the $25,000.00 statutory exemption.

When the inheritance tax is computed on the basis of the value of the testator's separate property and his interest in the community estate, the aggregate amount owing is $1,444.02. The $5,137.82 assessment was paid by respondent, but such payment to the extent of $3,693.80 was made under protest. This action was then instituted to recover the latter amount. Judgment was rendered by the trial court in favor of respondent, and the Court of Civil Appeals affirmed. 348 S.W. 2d 19. We

agree with the courts below that the community interest of Mrs. Taylor did not pass by the will of her husband within the meaning of Article 14.01, and the judgment of the Court of Civil Appeals is accordingly affirmed.

It should be observed at the outset that departmental construction is of no assitance in determining the intention of the Legislature. The proper method of computing inheritance taxes where a widow elects to accept under a will which disposes of her interest in the community estate has been the subject of at least six different opinions by the Attorney General of Texas. From time to time earlier opinions have been modified or overruled, and overruled opinions have been reinstated. The current departmental construction is reflected by the position of the Comptroller in the present case, but for a period of some ten years ending in 1958 the official view of the Attorney General was that Article 14.01 had the meaning attributed to it by respondent.

■ We begin with the premise that the statute imposes a special tax and must be strictly construed against the government. Where the meaning of such a law is doubtful, the doubt should be resolved in favor of the taxpayer. See Lewis v. O'Hair, Texas Civ. App., 130 S.W. 2d 379 (no writ) ; 85 C.J.S. Taxation, Sec. 1135, p. 879; 28 Am. Jur. Inheritance, Estate, Succession and Gift Taxes, Sec. 47, p. 50. It is also well settled that statutes in pari materia are to be read and construed together in arriving at the intention of the Legislature. 82 C.J.S. Statutes, Sec. 366, p. 801; 50 Am. Jur. Statutes, Sec. 348, p. 343. Moreover, as pointed out in Magnolia Petroleum Company v. Walker, 125 Texas 430, 83 S.W. 2d 929, it is proper to consider the history of the subject matter in arriving at the purpose and intent of the law.

■ Historically, death duties "in all countries rest in the essence upon the principle that death is the generating source from which the particular taxing power takes its being, and * * * it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested." See Knowlton v. Moore, 178 U.S. 41, 20 S. Ct. 747, 44 L. Ed. 969. From a reading of our inheritance tax statutes, we think the basic plan and purpose of the Legislature was to levy the tax upon the privilege of succeeding to property belonging to a decedent at the time of his death. Article 14.01 speaks of property passing by will or by the laws of descent or distribution, whether belonging to inhabitants of this State or to persons who are not inhabitants. The only property that is ordinarily regarded as

passing by either will or descent is that which was owned by the testator or intestate at the time of his death. See V.A.T.S. Probate Code, Sec. 58. Article 14.15 provides that the county judge shall appoint appraisers "to fix the value of the property of such decedent subject to taxation hereunder".

■ When the Legislature intended to tax the succession to property other than that owned by the decedent at the time of his death, such intention is plainly and unequivocally stated. In addition to the provisions mentioned above, Article 14.01 expressly includes: (1) property passing under a general power of appointment exercised by the decedent by will; (2) certain life insurance proceeds; (3) transfers made or intended to take effect in possession or enjoyment after death of the grantor or donor; and (4) transfers in contemplation of death. Property passing under a general power of appointment exercised by the decedent by will could be said to "pass absolutely or in trust by will", but it is evident that the Legislature used the quoted language in the ordinary and more restricted sense mentioned above. If the lawmakers had intended to tax other property not belonging to the decedent, such as the surviving wife's community interest, we think specific language to that effect would have been included in the statute.

In Jones v. State, Com. App., 5 S.W. 2d 974, the husband devised certain property to his wife with the stipulation that the same was in lieu of her community interest in all other property. The widow accepted the provisions of the will, and it was contended that she should pay inheritance tax on the property devised to her. The court recognized that by virtue of the will and her election the widow had acquired full title to specific property whereas in the absence of a will she would have owned an undivided interest in the entire community estate. Since the value of the property which she received was not greater than her community interest plus the statutory exemption, it was held that the will simply effected a partition between the widow and the other beneficiaries and that no property passed to her within the contemplation of Article 14.01. The tax liability of other beneficiaries of the will who receive part of the widow's community interest as a result of her election was not considered or decided.

In Bethea v. Sheppard, Texas Civ. App., 143 S.W. 2d 997 (wr. ref.), Henry Henke and his wife, Catherine Henke, executed a joint will and trust agreement which provided that the entire community estate should pass to a named trustee in the event

the husband died first. Mrs. Henke and a daughter were to received specified annual payments from the trust during the lifetime of the former, and the payments to the daughter were to be increased and continued for eight years after Mrs. Henke's death. At the end of such period the corpus of the trust was to be distributed to the daughter if living; but if the daughter was not living at that time, the property was to be held in trust for an additional five years and then delivered to the daughter's children. The husband died first, and inheritance tax was paid only on his half of the community estate. Upon the subsequent death of Mrs. Henke it was held that the right of the daughter to succeed to her mother's community interest was taxable as a transfer by Mrs. Henke made or intended to take effect in possession or enjoyment after death.

A necessary corollary of that holding is the proposition that Mrs. Henke's community interest did not pass by Mr. Henke's will within the meaning of the inheritance tax statutes. There the wife consented in advance for her half of the community property to be placed in trust as directed by the husband's will. Here the same result is accomplished by the widow's election to accept under the will subsequent to the death of her husband. We cannot believe that the Legislature intended to tax the one transaction as an inter vivos transfer by the consenting wife and the other as a passage of title by the husband's will.

The Attorney General directs our attention to Graser v. Graser, 147 Texas 404, 215 S.W. 2d 867; Dakan v. Dakan, 125 Texas 305, 83 S.W. 2d 620; and Kelly v. Kelly, Com. App., 294 S.W. 518, where it was said that upon the widow's election to accept the disposition made by her husband's will, she and the other devisees take under the will and the legal result is that her community interest passes under the will as if it had always belonged to the testator. That is a convenient way of stating the consequences of the election in title controversies between the widow or her heirs and the other beneficiaries of the will. It does not mean that the widow's interest passes by will for inheritance tax purposes, and that question was not involved in any of the three cases last cited.

As pointed out by the writer in 5 Washington Law Review 55, it is manifest that no tax liability with respect to Mrs. Taylor's community interest accrued at the death of her husband or upon the probate of his will, because her interest did not and could not pass solely by virtue of such will. Before it could be said that Mrs. Taylor's interest had passed by any means, a

further voluntary and affirmative action on her part was required. It was not until she elected to take under and in accordance with the provisions of the will that the trustee became entitled to her interest in the community property. Although the election when made might be held for some purposes to relate back to Mr. Taylor's death, the effective legal act was the voluntary election of the living wife and not the testamentary disposition of the deceased husband. It seems clear to us then that Mrs. Taylor's community interest did not pass to the trustee by her husband's will within the meaning of Article 14.01. Whether the right of succession to such interest is taxable as a transfer made by her in contemplation of death or to take effect in possession or enjoyment after death is a question which must be determined later. Since the value of the interest received by Mrs. Taylor through and under the will is less than the value of her share of the community property plus the $25,000.00 statutory exemption, the Comptroller correctly concluded that no tax is attributable to the interest so received by her. Jones v. State, supra.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 9, 1962.