

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 29, 1965

Hon. Robert S. Calvert　　　　　　Opinion No. C-575
Comptroller of Public Accounts
Austin, Texas　　　　　　　　　　Re: Method of computing
　　　　　　　　　　　　　　　　　　　inheritance taxes where
　　　　　　　　　　　　　　　　　　　the deceased husband's
　　　　　　　　　　　　　　　　　　　will disposed in its
　　　　　　　　　　　　　　　　　　　entirety of some of the
　　　　　　　　　　　　　　　　　　　community estate, and
　　　　　　　　　　　　　　　　　　　the surviving widow
　　　　　　　　　　　　　　　　　　　elected to take there-
　　　　　　　　　　　　　　　　　　　under receiving as a
　　　　　　　　　　　　　　　　　　　result of said election
　　　　　　　　　　　　　　　　　　　property in excess of
　　　　　　　　　　　　　　　　　　　her one-half interest in
Dear Mr. Calvert:　　　　　　　　　the entire community.

　　　You have requested the opinion of this office on the above
captioned matter and in connection therewith have advised us of
certain facts. You have also furnished us with a brief written
by the attorney for the estate.

　　　The decedent's will was admitted to probate. In his will,
the decedent attempted to dispose of the entire community
interest in several items of property. The surviving widow
elected to take under the will rather than to retain her com-
munity one-half interest in all of the community properties.
This she did by accepting the provisions of the will and
receiving benefits thereunder. 61 Tex.Jur.2d 431-433, ¶ 277.
As a result of her election, the surviving widow received
properties of a value greater than the value of her one-half
of the community plus her $25,000 exemption.

　　　The attorney for the estate takes the position that in
computing the inheritance taxes due, the surviving widow
should be allowed to off-set the value of her community one-
half interest against the value of the properties she received
under the will.

-2777-

In Calvert v. Fort Worth National Bank, 163 Tex. 405, 356 S.W.2d 918 (1962), the court held that the community interest of the wife did not pass by "will" to beneficiaries other than the wife within the meaning of the inheritance tax statute (Art. 14.01, Title 122A, Vol. 20A, Taxation-General, V.C.S.) where the husband's will bequeathed the home and certain personal property to his wife and the remainder of his separate and all of the balance of the community property was devised and bequeathed in trust for the benefit of the wife, who elected to take under the will, with remainder interest to the other beneficiaries.

The owner of one-half of the community property in the Fort Worth National Bank case was the surviving widow. In that case, no tax had been assessed against the widow since what she took under the will did not exceed the value of her community interest plus the $25,000 statutory exemption.

You are advised that in this case, as the wife received under the will property of a greater value than her community interest plus the $25,000 exemption, the value of the property received by the wife in excess of the value of her community interest less the $25,000 statutory exemption is subject to the inheritance tax at the rates provided in Article 14.02, Title 122A, 20A, Taxation-General, Vernon's Civil Statutes.

Likewise, under the holding of the Fort Worth National Bank case, the tax, if any, due from the other beneficiaries under the will should be computed only upon the value of the property received from the deceased husband's one-half community interest less the applicable statutory exemption.

## S U M M A R Y

Where the deceased husband's will
disposed in its entirety of some of the
community estate, and the surviving widow
elected to take thereunder, receiving, as
a result of said election, property in
excess of the value of her one-half interest
in the entire community, the value of the
property received in excess of the value of
her community interest less the $25,000

statutory exemption, is subject to
an inheritance tax at the rates pro-
vided in Article 14.02. The tax, if
any, due from the other beneficiaries
under the will should be computed only
upon the value of the property received
from the deceased husband's one-half
community interest less the applicable
statutory exemption.

Yours very truly,

WAGGONER CARR
Attorney General

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:dl

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. H. Broadhurst
Gordon C. Cass
Wade Anderson
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright