

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 11, 1968

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas   77002

Dear Mr. Resweber:

Opinion No. M- 287

Re: Is there a conflict of
law in the application
of Articles 4604C and
4604D, Vernon's Civil
Statutes to the medical
certificates and the is-
suance of marriage licenses
by the County Clerk.

    We are in receipt of your recent letter in which you ask our opinion on the above captioned question.

    Article 4604C, Vernon's Civil Statutes, enacted in 1929, provides as follows:

    "Medical Certificate

    "Before the County Clerk shall issue any marriage license the man shall produce a certificate from a reputable licensed physician to show that he is free from all venereal diseases."

    Article 4604D, Vernon's Civil Statutes, enacted in 1949, provides in part as follows:

    "Premarital examination for syphilis

    "Physician's certificate as to examination

    "Section 1.  No marriage license shall be issued unless each applicant files with the County Clerk a certificate from a duly qualified physician licensed to practice medicine and surgery in Texas, or in any state or in any territory of the United States where applicants may reside but who wish to marry in Texas.  The certificate shall state that the applicant has been given an actual and thorough examination,

- 1397 -

> including a standard serologic test for syphilis.
> The examination shall not have been more than
> fifteen (15) days prior to the date of issuance
> of such license and the certificate shall show
> that the results of such examination, tests and
> history showed that the person examined was
> free from any infectious condition of syphilis.
> No physician shall issue such certificate to
> any person whom he knows or has reasons to
> believe is infected with any condition of
> syphilis that would be infectious or who has
> any clinical evidence of infectious venereal
> disease."

It appears from a reading of Article 4604C and 4604D and the history of these statutes that they are in pari materia and may be so considered although passed at different times or sessions of the Legislature, 53 Tex.Jur.2d 280, Statutes, Sec. 186.

In Calvert v. Ft. Worth National Bank, Tex. 356 S.W.2d 918 (1962) the court states, in part:

> ". . .

> "It is also well settled that statutes in
> pari materia are to be read and construed together
> in arriving at the intention of the Legislature.
> 82 C.J.S. Statutes § 366 p. 801; 50 Am.Jur. Statutes,
> § 348 p. 343. Moreover, as pointed out in Magnolia
> Petroleum Company v. Walker, 125 Tex. 430, 83 S.W.2d
> 929, it is proper to consider the history of the sub-
> ject matter in arriving at the purpose and intent of
> the law."

It is the duty of a court whenever it can reasonably do so to harmonize the statutes so that each can be given effect. Our courts look with disfavor upon implied repeal of statutes. 53 Tex.Jur.2d 150-151, Statutes, Sec. 102.

It is our opinion, therefore, that there is no con-flict of law in the application of these statutes and that each can be given full force and effect in the field of public health and in relation to the medical certificates and issuance of marriage licenses by County Clerks.

### S U M M A R Y

Article 4604C and 4604D of Vernon's Civil Statutes of Texas are in pari materia, and there is no conflict of law in relation to the medical certificates and issuance of marriage licenses by County Clerks.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Roy W. Mouer
Mark White
Bill Craig
Neil Williams

A. J. CARUBBI, JR.
Executive Assistant