J. Speed CARROLL, Individually and as Independent Executor under the Will of Mary D. Durning, Appellant,

v.

Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, Appellee.

No. 12308.

Court of Civil Appeals of Texas, Austin.

Nov. 5, 1975.

Frank N. Ikard, Jr., Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen., Catherine Belt Jacob, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Stipulated facts in this case show that Mary D. Durning, a resident of Texas, died in May of 1972, leaving a will by terms of which she named J. Speed Carroll, her grandson and a resident of New York, the sole beneficiary and independent executor. Carroll filed an inheritance tax return with the Comptroller of Public Accounts of Texas showing no tax due. The Comptroller by tax statement advised Carroll that an inheritance tax, penalties and interest were due in the amount of $1,207.99. The Comptroller brought suit in district court of Travis County to recover the tax with penalties and interest.

Both parties moved for summary judgment, and the trial court entered judgment against Carroll for the tax and additional charges. Carroll has appealed.

The sole issue is whether Article 14.01(D), Taxation-General, Title 122A, providing that the basic inheritance tax "shall not apply to residents of those states which have no inheritance tax law," applies to a nonresident *beneficiary,* or to a nonresident *decedent,* who resides in a state which has an estate tax law, but no inheritance tax law. (Article 14.01, V.A.T.S., Tax.-Gen., as amended Acts 1971, 62nd Leg., p. 2943, ch. 974, sec. 1, eff. Aug. 30, 1971).

Carroll contends that *resident,* as used in the statute, refers to *beneficiaries,* rather than to *decedents,* and that therefore as a beneficiary who is a resident of the State of New York, which has no inheritance tax law but does have an estate tax law, he is excused from payment of inheritance tax under terms of the statute.

Appellant brings two points of error attacking the action of the trial court granting the Comptroller's motion for summary judgment and denying Carroll's motion for judgment.

We will overrule the points of error and affirm the judgment of the trial court.

■ In arriving at the purpose and intent of a statute it is proper to consider the history of the subject matter, the end to be attained, and the purposes to be accomplished. *Magnolia Petroleum Company v. Walker,* 125 Tex. 430, 83 S.W.2d 929, 934 (1935); *Calvert v. Fort Worth National Bank,* 163 Tex. 405, 356 S.W.2d 918, 921 (1962).

Texas has levied an inheritance tax since 1907. (Acts 1907, 30th Leg., p. 496, ch. 21, sec. 1). The Act of 1907 was placed in the Code of 1911 as Articles 7487 et seq. In 1923 the Legislature revised the inheritance tax laws in the form substantially incorporated in the Code of 1925 as Articles 7117 et seq. (Acts 1923, 38th Leg., 2nd C.S., p. 63, ch. 29; R.S.1925, Arts. 7117 et seq.). Article 7117 was the immediate predecessor of Article 14.01, Title 122A, Taxation-General, as enacted by the Legislature in 1959. (Acts 1959, 56th Leg., 3rd C.S., p. 187, ch. 1). It is the most recent enactment of Article 14.01, passed by the Legislature in 1971, under consideration in this lawsuit.

The basic language of the inheritance tax law, contained in the opening section of each enactment from 1907 to the present, has remained substantially unchanged:

All property in Texas, "whether *belonging* to *inhabitants of this State or to persons who are not inhabitants,*" *when passing* by will or by laws of descent of Texas or any other state, or by deed, grant, sale, or gift made or intended to take effect after "death of the *grantor or donor,*" is *subject to a tax* for the benefit of the State, according to classifications set out in succeeding articles of the Act. (Emphasis supplied)

The language with which we are directly concerned in this case was placed in Article

7117 (R.S.1925) in 1945 when provisions for reciprocal exemptions were first added to the inheritance tax law. (Acts 1945, 49th Leg., p. 148, ch. 98). The same exemptions found in that Act were incorporated in Article 14.01 in the codification accomplished by the Legislature in 1959 (Title 122A, Taxation-General) and were again set out, in almost identical words, in Article 14.01 as amended in 1971.

The Legislature clearly indicated in Article 7117, as amended in 1945, that the word "resident" was intended to refer to decedents and not to beneficiaries. In setting out certain classifications following the opening general statement, amended Article 7117 provided that the tax imposed "in respect to personal *property of non-residents*" would not be payable "if the *grantor or donor . . . was a resident* of" a jurisdiction that did not impose a transfer or inheritance tax, or if the jurisdiction "of the *residence of the grantor or donor*" provided an exemption under reciprocal provisions of law. (Emphasis added) There followed a short definition of states and foreign countries for purposes of fixing nonresident status, after which the statute added the proviso: "Provided further that the provisions of this Act shall not apply to residents of those states which have no inheritance tax law."

When Article 14.01 was last amended, in 1971, the only change in substance was the addition of subsection (B) "to change the time for the presumption that a gift is made in contemplation of death," as announced in the caption. (H.B. 638, Acts 1971, 62nd Leg., p. 2943, ch. 974). No other change in Article 14.01 is expressed in the caption, and no other change in substance is found in the statute. All other changes are in arrangement of paragraphs and in lettering or numbering of the subsections. For example, the proviso, that ". . . provisions of this Act shall not apply to residents of those states which have no inherit-

ance tax," which appeared in the same position in both Article 7117 and Article 14.01 (as enacted in 1959), was placed in a separate subsection (D) and slightly altered to read: "The provisions of this Chapter [for Act] shall not apply to residents of those states which have no inheritance tax."

■ It is obvious that as used in amended Article 7117 (1945), in Article 14.01 (1959), and again in Article 14.01 as enacted in 1971, the word "residents" can and does refer only to decedents and not to beneficiaries. Nowhere in the statutes did the Legislature concern itself with the residence of the beneficiary of property passing from the decedent.

As pointed out by the Supreme Court in *Calvert v. Fort Worth National Bank, supra,* death duties in essence rest historically upon the principle that "death is the generating source from which the particular taxing power takes its being, and * * * it is the power to transmit, or the transmission from the death to the living, on which such taxes are more immediately rested." To this observation, having before it Article 14.01 as enacted in 1959, the Supreme Court added: "From a reading of our inheritance tax statutes, we think the basic plan and purpose of the Legislature was to levy the tax upon the privilege of succeeding to *property belonging to a decedent* at the time of his death." (Emphasis added) (356 S.W.2d 921, col. 1)

■ It is elementary that the inheritance tax statutes, enacted at different times and carried forward in amended form, are in *pari materia* and must be construed together to ascertain and carry into effect the intent of the Legislature.

■ The trial court correctly found that Article 14.01(D) is inapplicable to a nonresident beneficiary and applies only to decedents who are residents of states which have no inheritance tax law.

The judgment of the trial court is affirmed.