

# The Attorney General of Texas

December 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Reagan V. Brown
Commissioner of Agriculture
P. O. Box 12847
Austin, Texas 78711

Opinion No. H- 1320

Re: Whether Department of Agriculture can require business selling nursery products and florist items to obtain nursery inspection certificate and floral inspection certificate.

Dear Mr. Brown:

You ask whether the Texas Department of Agriculture can legally require a business selling both nursery products and florist items to obtain a nursery inspection certificate and a floral inspection certificate. Article 126, V.T.C.S., requires a yearly inspection of places offering items of nursery products or stock, florists or other places growing and selling items of plant life and cut flowers. If the items and premises are free from infection and infestation, "the Commissioner shall, upon receipt of the inspection fee provided herein, issue to the owner . . . a certificate. . . ." V.T.C.S. art. 126. See also V.T.C.S. art. 119 (also stating inspection requirement). Article 133, V.T.C.S., provides inspection fees of ten to twenty five dollars for inspection of premises handling nursery products and five to fifteen dollars for inspection of premises offering florist items.

We believe article 133, V.T.C.S., authorizes the commissioner to collect both fees for the inspection of premises offering both nursery products and florist items. Although article 126 classes nurseries and florists together and refers to an inspection certificate for premises selling items of plant life and cut flowers, it also makes receipt of the certificate contingent upon payment of the statutorily required fee. Articles 126 and 133 are statutes in pari materia, and can be construed in harmony by reading them to authorize issuance of a separate certificate reflecting payment of the separate fees. See Calvert v. Fort Worth National Bank, 356 S.W.2d 918 (Tex. 1962). Moreover, the commissioner has authority under article 119, V.T.C.S., to make rules and regulations for the inspection of cut flowers and plants. In our opinion, his rule making power includes the authority to require separate certificates reflecting the payment of the separate fees authorized by statute.

You also note that article 135.1, V.T.C.S., defines "nursery stock" to include florist items, while article 135, V.T.C.S., excludes florist items from that definition and separately defines "florist." You ask which definition you should use in carrying out the law. Articles 135 and 135.1 derive from a single provision first enacted in 1909. Acts 1909, 31st Leg., ch. 19, § 8. The predecessor of article 135.1, V.T.C.S., was transferred without reenactment from the Penal Code to the civil statutes when the new Texas Penal Code was enacted. Acts 1973, 63rd Leg., ch. 399, § 5(a). Article 135 was amended in 1959 to add the definition of florist. Acts 1959, 56th Leg., ch. 280, § 17, at 613. Article 135 represents the latest expression of legislative intent and its definitions will prevail to the extent it conflicts with article 135.1. See Commercial Standard Fire & Marine Co. v. Commissioner of Insurance, 429 S.W.2d 930 (Tex. Civ. App. — Austin 1968, no writ).

## S U M M A R Y

The Texas Department of Agriculture can legally require a business selling both nursery products and florist items to obtain a nursery inspection certificate and a floral inspection certificate. The definitions that appear in article 135, V.T.C.S., prevail over those in article 135.1 to the extent of any conflict.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn