

# The Attorney General of Texas

December 20, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert E. Bell
Criminal District Attorney
Jackson County Courthouse
Edna, Texas    77957

Opinion No. MW-521

Re:    Whether    appointee    to
office of District Judge of
267th Judicial District serves
from    November    2,    1982    to
January 1, 1983

Dear Mr. Bell:

In    1981    the    Texas    legislature    created    the    267th    Judicial
District.    V.T.C.S.    art.    199a,    §3.093;    Acts    1981,    67th    Leg.,    ch.    25,
§1,    at    51.    Governor    Clements    then    appointed    an    individual    to    the
office of district judge in this district.    See V.T.C.S.    art.    199a,
§§6.001, 2.005.

You    advise    that    at    the    May    1,    1982    primary    election,    the
Clements'    appointee    failed    in    his    attempt    to    become    the    Democratic
candidate    for    district    judge    in    this    district.    The    winner    of    the
primary    election    ran    unopposed    in    the    November    2,    1982    general
election.    You ask:

> 1.    Who is entitled to the office of Judge of
> the    267th    Judicial    District    Court    during    the
> "interim" period between:
>
> (a)    the certification of the official canvas
> of the returns of the general election which
> was held on November 2; and
>
> (b)    the swearing and qualifying of the winner
> of the four year term on January 1, 1983?
>
> 2.    Is    the    Democratic    candidate    to    take    the
> oath,    assuming    that    he    is    elected,    and    be
> qualified    upon    receipt    of    his    certification    of
> election, or must he wait until January 1, 1983 to
> take office?

Section 2.005 of article 199a provides that:

> The district judge of each new district created by this Act shall be appointed by the governor in the manner prescribed by the constitution and laws of the State of Texas and shall serve in such capacity until the next succeeding general election and until his successor has been duly elected _and has qualified_.... (Emphasis added).

Section 6.001 of article 199a provides in part:

> When a judicial district is created by this Act or by amendment to this Act, the Governor shall appoint a qualified person to the office of district judge, who shall serve until the next succeeding general election and until his successor is elected _and has qualified_.... (Emphasis added).

Neither section 2.005 nor section 6.001 indicates when the "successor" who is elected to a regular term of office at the November general election becomes "qualified" to hold office. It is settled, however, that statutes dealing with the same subject are to be read together.  Calvert v. Fort Worth National Bank, 356 S.W.2d 918 (Tex. 1962).  Article 17, V.T.C.S., provides:

> The _regular terms of office for all elective state, district, county and precinct offices_ of the State of Texas, excepting the offices of Governor, Lieutenant Governor, State Senator, and State Representative, _shall begin on the first day of January next following the general election_ at which said respective offices are regularly filled, and those who are elected to regular terms _shall qualify_ and assume the duties of their respective offices _on the first day of January following their election, or as soon thereafter as possible_.  Persons elected to _unexpired_ terms in the various state, district, county and precinct offices shall be entitled to qualify and assume the duties of their respective offices immediately upon receiving a certificate of election, which certificate shall be issued immediately following the official canvass of the results of the election at which they were elected, and they shall take office as soon thereafter as possible. (Emphasis added).

Article 17 clearly provides that only those persons elected to _unexpired_ terms qualify for and assume the duties of their offices immediately upon receiving a certificate of election.  Those elected

to <u>regular</u> terms qualify for office "on the first day of January following their election, or as soon thereafter as possible." Since the Democratic candidate for district judge of the 267th Judicial District was elected to this office on November 2, he falls in the latter category.

Therefore, the answer to your questions is that the governor's appointee is entitled to serve as district judge of the 267th Judicial District until his successor "is elected and has qualified," which will be on January 1, 1983 "or as soon thereafter as possible." <u>See</u> <u>Ex parte Sanders</u>, 215 S.W.2d 325 (Tex. 1948).

S U M M A R Y

>     The present appointee to the office of district judge of the 267th Judicial District is entitled to hold office until his successor "has been duly elected and qualified," article 199a, sections 6.001, 2.005, V.T.C.S., which will be "on the first day of January following [his] election, or as soon thereafter as possible." V.T.C.S. art. 17.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Stan Reid
Bruce Youngblood