

# The Attorney General of Texas

March 15, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St.. Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
33-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio. TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. JM-14

Re: Whether Harris County may collect a 15% charge on delinquent taxes collected through the county attorney's office

Dear Mr. Driscoll:

You ask whether, when the county attorney represents the county to enforce the collection of delinquent taxes, may the Harris County Commissioners Court impose an additional penalty to defray collection costs as permitted by section 33.07 of the Property Tax Code. We conclude that it may not.

Section 33.07 of the Property Tax Code provides the following in pertinent part:

> (a) A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, <u>if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30 of this code.</u> The amount of the penalty may not exceed 15 percent of the amount of taxes, penalty, and interest due. (Emphasis added).

Clearly, the condition precedent for imposing the additional penalty is that the taxing unit <u>contract</u> with an attorney pursuant to section 6.30 of the code. The issue, then, is whether Harris County may <u>contract</u> with the county attorney pursuant to section 6.30. We conclude that it may not.

Section 6.30 of the Property Tax Code provides in pertinent part:

> (a) <u>The county attorney</u> or, if there is no county attorney, the district attorney <u>shall</u>

> represent the state and <u>county to enforce the collection of delinquent taxes if the commissioners court does not contract with a private attorney as provided by Subsection (c) of this section.</u>
>
> ....
>
> (c) The governing body of a taxing unit may contract with <u>any competent attorney</u> to represent the unit to enforce the collection of delinquent taxes. The attorney's compensation is set in the contract, but the total amount of compensation provided may not exceed 20 percent of the amount of delinquent tax, penalty, and interest collected. (Emphasis added).

You suggest that the phrase "any competent attorney" in subsection (c) does not exclude by its terms the county attorney and that the county attorney of Harris County can therefore execute a contract with the Harris County Commissioners Court pursuant to section 6.30 of the Property Tax Code to represent the county in the enforcement of delinquent taxes. We disagree.

First, in ascertaining the intent of the legislature in enacting specific legislation, all provisions which bear on the same subject are to be considered and given effect. <u>Jessen Associates, Inc. v. Bullock</u>, 531 S.W.2d 593, 600 (Tex. 1975); <u>Calvert v. Fort Worth National Bank</u>, 356 S.W.2d 918, 921 (Tex. 1962). Subsection (c) of section 33.07 cannot be read in isolation; subsection (a) of section 33.07 must be read <u>in pari materia</u> with subsection (c). Read together, it is clear that the phrase "any competent attorney" in subsection (c) refers to the "private attorney" who may represent the county should the county commissioners court so decide and does not include the county attorney. The county attorney has a duty to enforce the collection of delinquent taxes, unless the commissioners court contracts with a private attorney to perform that work. The county attorney may not contract to receive extra compensation from the county for performing a statutory duty. <u>See</u> V.T.C.S. art. 336; Attorney General Opinion O-2610 (1940); <u>cf.</u> Attorney General Opinion MW-483 (1982).

A commissioners court may not execute a contract pursuant to section 6.30 of the code with its county attorney. Thus, it may not impose an additional penalty to defray collection costs as provided by section 33.07 of the Property Tax Code when the county attorney enforces collection of the taxes.

## S U M M A R Y

The Harris County Commissioners Court may not execute a contract to enforce the collection of delinquent taxes with the county attorney of Harris County pursuant to section 6.30 of the Property Tax Code. When the county attorney of Harris County represents the county in enforcing the collection of delinquent taxes, the commissioners court may not impose an additional penalty to defray collection costs pursuant to section 33.07 of the Property Tax Code.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
George Gray
Jim Moellinger