Mr. Raymon L. Bynum Commissioner of Education Texas Education Agency 201 East 11th Street Austin, Texas 78701
Re: Authority of peace officers commissioned by school districts
Dear Mr. Bynum:
You have asked the following two questions regarding peace officers commissioned by boards of trustees of independent school districts:
 1. What are the responsibilities of the Texas Commission on Law Enforcement Officer Standards and Education concerning such peace officers?
 2. Do such peace officers . . . have all the powers, privileges, and immunities of peace officers whenever they are in the performance of their official duties even when they are not on school property? ([For example, during the] hot pursuit of a person who has committed a crime on school property, the regulation of traffic on contiguous streets, and [the] investigation of crimes committed on school property.)
You advise us that the first question is prompted by the refusal of the Commission on Law Enforcement Officer Standards and Education to license putative peace officers commissioned pursuant to section 21.483 of the Education Code. This section provides as follows:
 The board of trustees of any school district may employ campus security personnel for the purpose of carrying out the provisions of this subchapter and if the board of trustees authorizes any officer to bear arms then they must commission them as peace officers. Any officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the district or otherwise in the performance of his duties. Any officer assigned to duty and commissioned shall take and file the oath required of peace officers, and shall execute and file a good and sufficient bond in the sum of $1,000, payable to the board of trustees, with two or more good and sufficient sureties, conditioned that he will fairly, impartially, and faithfully perform all the duties that may be required of him by law. The bond may be sued on from time to time in the name of any person injured until the whole amount of the bond is recovered. Any peace officer commissioned under this section must meet all minimum standards for peace officers established by the Commission on Law Enforcement Officer Standards and Education within one year of his commission, or his commission shall automatically expire.
 The explicit language of section 21.483 establishes that: (1) a school district board of trustees may employ campus security personnel to carry out the provisions of subchapter M of chapter 21 of the Education Code; (2) campus security personnel commissioned as peace officers under section 21.483 possess "all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of [their employing school] district or otherwise in the performance of [their] duties"; and (3) officers commissioned under section 21.483 must, within one year of their commission, meet all minimum standards for peace officers established by the Texas Commission on Law Enforcement Officer Standards and Education [hereinafter TCLEOSE], or their commissions automatically expire.
Section 6(c) of article 4413(29aa), V.T.C.S., provides that
 [n]o person who does not have a license issued by the Commission [on Law Enforcement Standards and Education] shall be appointed as a peace officer. . . .
Section 6(h) of the same statute provides:
 `Peace officer,' for the purposes of this Act, means only a person so designated by Article 2.12, Code of Criminal Procedure, 1965, or by Section 51.212 or 51.214, Texas Education Code.
It has been suggested that campus security personnel may not under any circumstances be regarded as "peace officers," because they are not within either article 2.12 of the Code of Criminal Procedure or sections 51.212 or 51.214
of the Education Code and are therefore ineligible to be licensed as peace officers under article 4413(29aa).
We agree that campus security personnel commissioned as peace officers under section 21.483 of the Education Code are not eligible to be licensed as "peace officers" by the commission under article 4413(29aa). The express language of sections 6(c) and 6(h) of article 4413(29aa) dictates this conclusion. This does not mean, however, that such personnel may not be designated as "peace officers" by a different statute. Section 6(h) of article 4413(29aa) provides only that "for purposes of this Act," i.e., article 4413(29aa), the term "peace officer" includes only those persons so designated by the enumerated statutes; it does not rule out the possibility that some other act may designate someone as a "peace officer." And this office has held on several occasions that a variety of statutes other than article 4413(29aa) designate certain individuals as "peace officers." See, e.g., Attorney General Opinion MW-54 (1979) and opinions cited therein.
Section 21.483 expressly designates as "peace officers" campus security personnel commissioned as such under that section, and this statute is on an equal footing with article 4413(29aa). When article 4413(29aa) and section 21.483 are read together and harmonized, as they must be, Calvert v. Fort Worth National Bank,356 S.W.2d 918 (Tex. 1962), the conclusion inevitably follows that section 21.483 campus security personnel are peace officers who by the very terms of section 21.483 must meet all TCLEOSE minimum standards within one year. Those standards include licensure by TCLEOSE. Of course, they enjoy their status as peace officers only in certain instances, i.e., "while on the property under the control and jurisdiction of the district or otherwise in the performance of [their] duties." Educ. Code § 21.483.
In answer to your first question, therefore, because campus security personnel commissioned as "peace officers" under section 21.483 of the Education Code are not eligible to be "peace officers," as defined by article 4413(29aa), the commission has no licensing responsibility concerning these officers. Under the express terms of section 21.483, the boards of trustees of the school districts of this state, not the commission, have the discretion to decide whether to commission individuals as "peace officers" under that statute and the power to issue such commissions if they choose to do so. The boards of trustees must require that anyone commissioned as a "peace officer" under section 21.483 satisfy the "minimum standards for peace officers established by" the commission, including medical, educational, testing, and other requirements, within one year. The commission in its discretion may consult with such boards on the implementation of these standards. V.T.C.S. art. 4413(29aa), § 2(a)(6).
Your second question cannot be answered in the abstract. As noted, campus security personnel may be employed "for the purpose of carrying out the provisions of [subchapter M of chapter 21 of the Education Code]." They are clothed with the powers, privileges, and immunities of peace officers generally "while on the property under the control and jurisdiction of the district or otherwise in the performance of [their] duties." Whether campus security personnel would be authorized to engage in the particular activities you describe is a fact question. The resolution of this question depends upon the scope of their duties as defined by their employing school boards and whether they may be said to be "on property under the control and jurisdiction of the district or otherwise in the performance of [their] duties" when they engage in such activities.
 SUMMARY
The Texas Commission on Law Enforcement Standards has no licensing responsibility concerning "peace officers" commissioned under section 21.483 of the Texas Education Code. The scope of the powers of section 21.483 peace officers depends upon the nature and scope of their duties as defined by their employing school district boards of trustees and upon whether, when they engage in particular activities, they are carrying out the provisions of subchapter M of chapter 2 of the Education Code and are "on the property under the control and jurisdiction of [their employing] district or [are] otherwise in the performance of [their] duties."
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General