Fairway Villas Venture v. Fairway Villas Condimunium Ass'n 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-143-CV




FAIRWAY VILLAS VENTURE,



 APPELLANT


vs.




FAIRWAY VILLAS CONDOMINIUM ASSOCIATION,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 453,361, HONORABLE JOE B. DIBRELL, JUDGE 



 




 Fairway Villas Condominium Association (the "association") recovered summary
judgment against Fairway Villas Venture (the "developer") for $23,900 and attorney's fees on the
association's claim for condominium expenses that were past due and unpaid. The developer
appeals. We will affirm the judgment.



THE CONTROVERSY



 The Condominium Act, Tex. Prop. Code Ann. §§ 81.001-.210 (1984 & Supp. 1991),
authorizes the creation of a condominium regime by the recording of a "declaration" in the county
in which the land lies.  § 81.101. (1) In 1982, the developer recorded such a declaration in Travis
County to create a condominium regime named "Fairway Villas." The declaration indicated that
the regime would contain nine buildings within its boundaries, each building containing one
apartment. (The declaration used the word "unit" instead of "apartment," but for clarity we shall
use the latter word.) None of the buildings had been erected at the time the developer filed the
declaration. In 1984, the developer recorded an amendment to the declaration. The amendment
apparently did not alter the layout or number of buildings or apartments.

 At the time of trial, five buildings had been erected within the regime. The five
apartments within these buildings were owned by individuals having in their hands the government
and management of the regime through a council of owners. See §§ 81.201-.203. The developer
claims ownership of the remaining four "building sites." (2) No buildings had been erected on these
"sites" at the time of trial, although the declaration permits one building to be constructed on each
"site" with a specified number of square feet and within a perimeter outline shown on the
declaration.

 In § 81.204, the Act declares that an "apartment owner" is responsible for his or her pro-rata share of general condominium expenses: (1) those required to administer the regime and to
maintain and repair the general common elements; (2) "in proper cases," those required to
administer the limited common elements of the buildings in the regime; and (3) "other expenses
approved by the council of owners." Id. 

 The association assessed the developer for a pro-rata share of the expenses allegedly
authorized by § 81.204. The developer sued for declaratory judgment that he was not liable for
such sums, and the association counterclaimed to recover the debt assessed. In a summary-judgment proceeding, the trial court denied the developer's claim for declaratory relief and
awarded the association judgment for $23,900 on its counterclaim, plus attorney's fees.

 The developer appeals by a single point of error in which he contends both aspects of the
trial-court judgment were erroneous for the same legal reason: that he was not an "apartment
owner" within the meaning of § 81.204 because § 81.002(1) defines "apartment" in terms of a
"building," and it was undisputed that no building had been erected on any of his four "building
sites."



DISCUSSION AND HOLDINGS


 Section 81.204 imposes responsibility upon an "apartment owner" for a pro-rata share 
of certain expenses related to a condominium regime, but the Act does not define the term
"apartment owner," although that expression refers to what is the main or central feature of the
Act. It falls to us, therefore, to ascertain the Legislature's intended meaning of the term from a
general view of the whole of the Act and its subject matter. Citizens Bank of Bryan v. First State
Bank, 580 S.W.2d 344, 348 (Tex. 1979); Calvert v. Fort Worth National Bank, 356 S.W.2d 918,
921 (Tex. 1962).

 A condominium regime comes into being by the recording of a declaration showing "each
existing or proposed building," § 81.102(a)(1), and the word "building" is defined to include both
existing and proposed structures, § 81.002(2).

 Only one kind of property in a condominium is subject to exclusive ownership, and that
is an "apartment." § 81.104(a). An "apartment" means an enclosed space consisting of one or
more rooms in a "building." § 81.002(1). The entire interest in the regime, apart from the
exclusive ownership of the various apartments, is divided among the apartments. § 81.104(c). 
Thus, an apartment owner has exclusive ownership of his apartment and an undivided ownership
interest, shared with all other apartment owners, in the remainder of the regime not owned
exclusively by others, including the common elements. §§ 81.104(a), (c), .107; Dutcher v.
Owens, 647 S.W.2d 948, 949 (Tex. 1983); Mixon, Apartment Ownership in Texas: Cooperative
and Condominium, 1 Hous. L. Rev. 226, 240-44 (1964). An individual's exclusive ownership
of an apartment does not include the land or land surface underlying the building in which an
apartment is located, for these are part of the "general common elements." § 81.002(6)(A).

 When § 81.204 employs the term "apartment owner," it necessarily refers to and
incorporates the foregoing propositions, and these indicate the meaning intended for that term by
the legislature. The developer claims exclusive title to the "building sites." It is undisputed that
these are within the regime boundaries. "The building sites" can only be "apartments" for no
other part of the regime, including land, is subject to exclusive ownership.

 Moreover, we construe § 81.204 to encompass the owners of both existing and proposed
apartments. The Act contemplates both existing and proposed buildings in a condominium
regime, and the word "apartment" must therefore accommodate both because that word is defined
solely in terms of a "building" in which the "apartment" is enclosed. See §§ 81.101, .102(a)(1). 
We hold, therefore, that § 81.204 applies to the owners of apartments in both existing and
proposed buildings.

 The summary-judgment record does not reveal the component parts of the $23,900 in
expenses for which the association recovered summary judgment under § 81.204. Thus, the
record does not permit us to ascertain, as a matter of law, that the component sums do not come
within the classes of expenses authorized by § 81.204 or that their pro-rata assessment against the
developer results from unreasonable decisions by the council of owners. See Pooser v. Lovett
Square Townhomes, 702 S.W.2d 226, 231 (Tex. App. 1985, writ ref'd n.r.e.); Bracy, An
Analysis of the Texas Condominium Act: Maintenance and Operation of a Condominium Project,
11 St. Mary's L.J. 861, 871-72 (1980). It appears, however, that the developer does not
complain in that regard in this Court and did not do so in the trial court. In both tribunals, he was
content to assert simply that he was not liable for any sum as expenses under § 81.204 on the
single ground that he was not an "apartment owner" within the meaning of that statute. In this
respect, the trial court correctly interpreted the statute, and we may not disturb the trial-court
judgment for reasons or objections that were not before the trial court, in writing, at the summary-judgment hearing. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 677 (Tex.
1979).

 For the reasons given, we affirm the trial-court judgment.




 John E. Powers, Justice

[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: September 18, 1991

[Publish]
1.   The section references hereafter are to sections of the Act.
2. The "building sites" claimed by the developer refer simply to sketches on a plat that was
recorded with the condominium declaration. Each sketch outlines the perimeter of a building
proposed to be built within the regime and locates the perimeter in reference to other proposed
and existing structures in the regime.


 The developer claims title to the four "building sites" under a deed that conveys to the
developer property described as: "Unit 6-D, Building `F,' Unit 7-C, Building `G,' Unit 8-C,
Building `H,' and Unit 9-B, Building `I,' FAIRWAY VILLAS, a condominium in Travis County,
Texas, according to the Declaration of Condominium and Plats and Exhibits attached thereto,
recorded in" the appropriate records of Travis County, Texas, as amended. The number-letter
designations in the deed correspond, evidently, to those on the plat recorded with the
condominium declaration. We are unable to say that with certainty because of the poor quality
of the copy of the plat found in our appellate record.


 The conveyance to the developer is consistent, of course, with the conveyance of an
"apartment" except that it does not "state the apartment's fractional or percentage interest in the
condominium regime." § 81.106(4). The conveyance does not, on the other hand, purport to
convey title to "land" but only to "units."


 The developer's silent premise on appeal is that the conveyance of the four "units" to
him, by reference to the condominium declaration and attached plat, is the legal equivalent of
receiving conveyance of a subdivision lot by reference to a recorded subdivision plat. There is
no such equivalency because, as explained in the text of our opinion, the land within a
condominium regime is not subject to exclusive ownership.