June 4, 2012

The Honorable Cathleen Parsley
Chief Administrative Law Judge
State Office of Administrative Hearings
Post Office Box 13025
Austin, Texas 78711-3025

Opinion No. GA-0947

Re: Manner in which the State Office of Administrative Hearings is authorized to bill certain agencies under the terms of section 2260.103, Government Code (RQ-1032-GA)

Dear Judge Parsley:

You ask about the billing practices of the State Office of Administrative Hearings ("SOAH") with regard to specific state agencies.[1]

Subchapter C, chapter 2260 of the Government Code relates to "contested case hearings" conducted by SOAH to resolve certain contract claims against the state. A contractor who "is not satisfied with the results of negotiation with a unit of state government" may request SOAH to initiate a contested case hearing. TEX. GOV'T CODE ANN. § 2260.102(a) (West 2008). The chief administrative law judge of SOAH is authorized to set a hearing fee for a contested case, and to either (1) assess the fee against the non-prevailing party, or (2) apportion the fee "in an equitable manner." *Id.* § 2260.103(a)–(b).

You indicate that a rider to SOAH's appropriation in the most recent General Appropriations Act (the "Act") provides, in relevant part:

7. Billing Rate for Workload

c. Amounts appropriated above in Strategy A.1.1, Conduct Hearings, to SOAH from the General Revenue Fund include funding in each year of the biennium for billable casework hours performed by SOAH for conducting administrative hearings at the rate determined by SOAH and approved by the Legislature for those agencies that do not have appropriations for paying SOAH costs for

---

[1]Letter from Hon. Cathleen Parsley, Chief Admin. Law Judge, State Office of Admin. Hearings, to Hon. Greg Abbott, Tex. Att'y Gen. at 2 (Dec. 21, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

> administrative hearings and are not subject to subsection (a) of this
> Section:
>
>         . . . .

General Appropriations Act, 82d Leg., R.S., ch. 1355, 2011 Tex. Gen. Laws 4025, 4740–41. There follows a list of 34 agencies that are subject to subsection 7c. and thus do not receive funds from their own appropriations to pay SOAH to conduct administrative hearings. *See id.* Agencies other than those named in SOAH's Rider 7c receive specific appropriations to contract with SOAH to perform administrative hearings.[2] You ask how SOAH should bill the various agencies under these two different circumstances.

In construing a statute, courts begin with the statute's plain language. *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010). Statutes relating to the same subject matter are to be read and construed together in determining legislative intent. *Calvert v. Fort Worth Nat'l Bank*, 356 S.W.2d 918, 921 (Tex. 1962). Because section 2260.103 and Rider 7c relate to the same subject matter, we read them together.

Nothing in the Act limits the chief judge's authority under section 2260.103 of the Government Code to set fees when the hearing involves one of the 34 specified agencies. Nor does the statute address how assessed fees are to be satisfied. But if fees are assessed against one of the agencies named in the Act, Rider 7c clearly contemplates that the funds appropriated to SOAH should be used to offset the costs of the hearing. On the other hand, if an agency is not one of those named in Rider 7c, SOAH should bill that agency for its share of the costs incurred in the hearing.[3] If, by contrast, costs are assessed against the non-governmental party, neither the Act nor section 2260.103 permits the use of SOAH's appropriation to satisfy those costs.

In conclusion, if the State Office of Administrative Hearings assesses its fee for a contested case hearing to the party that does not prevail in the hearing, it should bill the non-governmental party when the state agency prevails. If the non-governmental party prevails, SOAH should bill the

---

[2]As an example, the appropriation for the Commission on Environmental Quality provides the following as a rider: "Included in the amounts appropriated above is $1,000,000 in each fiscal year . . . to cover the cost of contracting with [SOAH] . . . for the purpose of conducting administrative hearings and for related expenses." General Appropriations Act, 82d Leg., R.S., ch. 1355, 2011 Tex. Gen. Laws 4025, 4635.

[3]Section 2003.024 of the Government Code provides that, in the event that an agency is not one of the 34 agencies named in SOAH's appropriation, but the agency has "referred matters" to SOAH "during any of the three most recent state fiscal years," SOAH and the relevant agency "shall enter into an interagency contract for the biennium under which the referring agency pays [SOAH] a lump-sum amount to cover the costs of conducting all hearings and procedures during the fiscal year." TEX. GOV'T CODE ANN. § 2003.024(a) (West 2008). If the agency did not refer matters to SOAH during any of the three prior fiscal years, "the referring agency shall pay the office the costs of conducting hearings or procedures for the agency based on the hourly rate" set by SOAH. *Id.* § 2003.024(a-2).

state agency if the agency is not one of those listed in Rider 7c of SOAH's 2012–13 appropriation. If the agency is, on the other hand, one of those listed in Rider 7c, SOAH should use funds from its own appropriation to offset the costs of the hearing.[4]

---

[4]These standards apply when the chief administrative law judge chooses to assess fees against the non-prevailing party. In the alternative, the chief administrative law judge may choose to apportion fees "in an equitable manner." TEX. GOV'T CODE ANN. § 2260.102(a)(2) (West 2008). You do not ask, and we do not address, the standards that apply to an equitable apportionment of fees.

## S U M M A R Y

If the State Office of Administrative Hearings assesses its fee for a contested case hearing to the party that does not prevail in the hearing, it should bill the non-governmental party if the state agency prevails. If the non-governmental party prevails, SOAH should bill the state agency if the agency is not one of those listed in Rider 7c of SOAH's 2012–13 appropriation. If the agency is, on the other hand, one of those listed in Rider 7c, SOAH should use funds from its own appropriation to offset the costs of the hearing.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee