

# THE ATTORNEY GENERAL
## OF TEXAS

August 22, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable H. Earl Hall, Jr.          Opinion No.   JM-943
Commissioner
Texas Savings and Loan Department     Re:  Construction of
2601 North Lamar, Suite 201           V.T.C.S. art. 320f
Austin, Texas  78705                  (RQ-1434)

Dear Mr. Hall:

The 70th Legislature enacted S.B. 1075, codified as article 320f, V.T.C.S., and effective on September 1, 1987. You ask two questions about this new statute:

> 1. Will a Texas Savings and Loan Association (hereinafter Association) be construed to be charging either directly or indirectly, a fee in violation of Art. 320f when in connection with any loan the association makes when it:
>
> (i) is an interested and/or signatory party to the instruments evidencing the transaction;
>
> (ii) performs only the clerical task of 'filling in the blanks' on the appropriate loan documents, such documents having been previously prepared and selected by its attorneys for use in such situations;
>
> (iii) charges interest on the loan, loan origination fees, application fees and other incidental fees normally associated with extending a loan; and
>
> (iv) specifically does not intend to and does not charge a fee for the preparation of the documents.
>
> 2. May the prohibition against charging fees as provided in Art. 320f be fully or partially waived by written and/or oral

> agreement of the parties, lender and customer?

The statute provides as follows:

### Definition

Sec. 1. In this Act, 'person' has the meaning given that term by Subdivision (2), Section 311.005, Code Construction Act (Chapter 311, Government Code).

### Prohibited Acts

Sec. 2. (a) A person, other than an attorney licensed in this state, may not charge or receive, either directly or indirectly, any compensation for all or any part of the preparation of a legal instrument affecting title to real property, including a deed, deed of trust, note, mortgage, and transfer or release of lien.

(b) This section does not prevent a person from seeking reimbursement for costs incurred by the person to retain a licensed attorney to prepare an instrument.

(c) Nothing in this Act shall be construed to prevent an attorney from paying secretarial, paralegal, or other ordinary and reasonable expenses necessarily and actually incurred by the attorney for the preparation of legal instruments nor does it prevent a person from completing lease or rental forms which have been prepared by an attorney licensed in this state and approved by such attorney for the particular kind of transaction involved, or which have been prepared by the property owner or prepared by an attorney and required by the property owner. The provisions of this Act do not apply to a licensed real estate broker or salesman performing the acts of a real estate broker pursuant to the provisions of The Real Estate License Act (Article 6573a, Vernon's Texas Civil Statutes).

(d) Cumulative Remedies.   The   provisions of this Act are not   exclusive and in no   way limit   or   restrict   the   definition   of   the practice of law  contained in  the State   Bar Act (Article 320a-1,  Vernon's  Texas  Civil Statutes), nor do the provisions of this  Act limit  or restrict any remedy provided in  the State Bar Act  or any other  law designed  to eliminate the unauthorized practice of law by lay persons and lay agencies.

### Recovery

Sec. 3.  A person who  pays a fee  prohibited by this  Act may bring  suit for and  is entitled to:

(1) recovery of the fee paid;

(2) damages equal to  three times the  fee paid; and

(3) court    costs    and    reasonable    and necessary attorney's fees.

### Unauthorized Practice of Law

Sec. 4.  A violation  of this Act  constitutes the  unauthorized practice  of law  and may be  enjoined  by  a  court  of  competent jurisdiction.

### Transition

Sec. 5.  This  Act  applies only  to  fees charged or received on or after the effective date of this Act.

Your  first  question  is  whether  a  lender  violates article 320f if it 1) is a party to the transaction; 2) only "fills in the  blanks" on legal  instruments prepared by  an attorney; 3) charges  interest and  fees for  the loan;  but 4) does not  charge a  fee for  preparing legal  instruments affecting title to real property.

The  purpose  of  article   320f  is  to  prevent   the unauthorized practice of law that occurs when a person other than an attorney prepares legal instruments affecting  title to real property.  See Carroll  v. Bullock, 530 S.W.2d  135, 136 (Tex. Civ. App. -  Austin 1975, no writ); V.T.C.S.  art.

320f, § 2(d) and § 4; Bill Analysis, Tex. S.B. 1075, 70th Leg. (1987). Whether such a person is a party to the real estate transaction to which the legal instruments relate is irrelevant to applying the statute, which by its terms covers _any_ person, including parties to the transaction. For example, the legislative history quite plainly shows that the statute was meant to apply to lenders. See Bill Analysis, Tex. S.B. 1075, 70th Leg. (1987).

Since prohibiting a charge for the preparation of a legal instrument by a person other than an attorney is merely a way to curb the unauthorized practice of law, what is meant in article 320f by the "preparation of legal instruments" must be decided with reference to the practice of law. Whether the completion by clerks of standard forms prepared by attorneys for routine transactions is "practicing law" will always be a factual and often a close question. See 7 Tex. Jur.3d Attorneys at Law § 10. Although we cannot decide fact questions, we can make some general observations. While the mere act of recording a borrower's responses to the questions on a standard form probably does not require legal skill or knowledge and would therefore not be practicing law, the act of determining whether the forms should be employed at all probably does require legal skill or knowledge and would therefore be practicing law. See Unauthorized Practice Committee v. Cortez, 692 S.W.2d 47, 50 (Tex. 1985), cert. denied, 106 S.Ct. 384 (1985).

By prohibiting a charge by a person other than an attorney for "all or any part of the preparation of a legal instrument," article 320f envisages a liberal interpretation of what constitutes practicing law. Based on the all-or-any-part formulation, we conclude that at least when a fee is charged, the legislature intended there be little room for a person other than a lawyer to have any role in completing the papers necessary to affect title to real property.

Assuming that a fee is charged, just what a person other than an attorney can do before violating article 320f will depend on exact factual circumstances. For example, we assume no one would argue that a secretary who types a document and charges for his effort has prepared "all or any part" of a legal instrument and thus violated article 320f. Similarly, if a lawyer 1) determines that certain transactions can be conducted by "filling in the blanks" on standard forms; 2) prepares the standard forms; and 3) reviews a particular transaction to ensure that the standard forms are appropriate, then it may not violate article 320f for a lender to have a clerk "fill in the blanks" and for

the lender to charge for this clerical service. Indeed, section 2(c) of article 320f contemplates something similar with regard to the lease or rental of real property. As we have already noted, however, we cannot resolve the fact questions raised by this hypothetical.

Of course, article 320f only applies if a fee is charged. Whether a fee is charged is another fact question. By way of general observation, we note that by prohibiting any compensation, direct or indirect, article 320f envisages a liberal interpretation of what constitutes compensation. In your question you posit that no fee is charged for the preparation of legal instruments, but that interest and other fees are charged. We can only caution that for the preparation of legal instruments if compensation for the work of persons other than an attorney is recouped in a charge, no matter what it is labeled, then article 320f applies. In the context of a title company, the Supreme Court has taken an extremely liberal view of what constitutes a charge for the preparation of legal documents. See Hexter Title & Abstract Co. v. Grievance Committee, 179 S.W.2d 946, 952 (Tex. 1944).

As for your second question, the answer is that parties to an agreement that requires preparation of a legal instrument affecting title to real property cannot waive article 320f. The statute does not provide for waiver. Moreover, waiver is inimical to the statute's purpose -- preventing the unauthorized practice of law. In enacting the statute, the legislature was concerned about protecting the public interest in clear real estate titles. The statute is designed to deter nonlawyers from drafting legal instruments and perhaps clouding title by a legal error. See Hearings on Tex. S.B. 1075 before the Senate Jurisprudence Comm., 70th Leg. (April 21, 1987) (tape 3) (available from Senate Staff Services). When a statute is designed to protect the public interest, it cannot be waived by private parties. When enacting this statute, the legislature was also concerned about protecting consumers from fees for legal work done by nonlawyers. Id. Presumably sellers or lenders in real estate transactions often have greater bargaining power than buyers or borrowers. This statute, therefore, prevents the stronger party (the seller or lender) from extracting fees from the weaker party (the buyer or lender). When a statute is designed to protect a party with less bargaining power, it cannot be waived. If it could, then the stronger party would merely require waiver of the weaker party, thereby thwarting the purpose of the statute. See N. Singer, 2A Sutherland Statutory Construction § 55.08 (4th ed. 1984); 60 Tex. Jur.2d Waiver § 10.

## S U M M A R Y

What constitutes the preparation of legal instruments within the meaning of article 320f is a fact question. What constitutes the charging of a fee within the meaning of article 320f is a fact question. Parties to a transaction cannot waive article 320f.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by F. Scott McCown
Assistant Attorney General